**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

VICTOR BRITO,

Petitioner,

- against -

DAWSON BROWN

Respondent.

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #
DATE FILED: 9/25/09

**09 Civ. 5754 (JGK)**

**MEMORANDUM OPINION**
**AND ORDER**

**JOHN G. KOELTL, District Judge:**

The petitioner's application for the Court to appoint

counsel is **denied without prejudice to renewal** once the

respondent has submitted responsive papers, for failure to make

the required showing at this time.  The Court of Appeals for the

Second Circuit has articulated factors that should guide the

Court's discretion to appoint counsel to represent an indigent

civil litigant under 28 U.S.C. § 1915, and these standards are

useful in determining whether the interests of justice require

appointing counsel for a habeas petitioner under 18 U.S.C. §

3006A(a)(2).  See Hodge v. Police Officers, 802 F.2d 58, 61-62

(2d Cir. 1986); Jackson v. Moscicki, No. 99 Civ. 2427 (JGK),

2000 WL 511642, at *4 (S.D.N.Y. Apr. 27, 2000).  For the Court

to order the appointment of counsel, the petitioner must, as a

threshold matter, demonstrate that his claim has substance or a

likelihood of success on the merits.  See Hodge, 802 F.2d at 61-

1

62.  Only then can the Court consider the other factors appropriate to determination of whether counsel should be appointed: "plaintiff's ability to obtain representation independently, and his ability to handle the case without assistance in the light of the required factual investigation, the complexity of the legal issues, and the need for expertly conducted cross-examination to test veracity."  Cooper v. A. Sargenti Co., Inc., 877 F.2d 170, 172 (2d Cir. 1989).  The petitioner has not yet made such a showing.

**SO ORDERED.**

**Dated:  New York, New York
         September 25, 2009**

John G. Koeltl
United States District Judge